Argued and submitted November 25, 1991, reversed and remanded with instructions
on appeal; affirmed on cross-appeal July 8, 1992

In the Matter of the Marriage of

Deborah L. LONGCOR,
*Appellant - Cross-Respondent,*
*and*

Keenan LONGCOR,
*Respondent - Cross-Appellant.*

(D8506-64283; CA A67408)

834 P2d 479

Darcia Krause, Portland, argued the cause and filed the brief for appellant - cross-respondent.

Ron D. Ferguson, Tualatin, argued the cause for respondent - cross-appellant. With him on the brief was Ferguson, Hawkes & West, Tualatin.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Mother appeals, and father cross-appeals, from a trial court order modifying a dissolution judgment to increase father's child support obligation. Mother argues that the court incorrectly applied the Uniform Child Support Guidelines (guidelines), ORS 25.270 to ORS 25.285, to determine that father's obligation was $500 per child per month. She contends that the court erred in finding that the presumptively correct amount of $720 per child per month had been rebutted and in making a downward adjustment from the guidelines amount. In his cross-appeal, father asserts that the trial court erred in increasing his support obligation, because mother failed to establish a substantial change in circumstances. On *de novo* review, we reverse on the appeal and affirm on the cross-appeal.

The parties' marriage was dissolved in 1986. The dissolution judgment awarded custody of the parties' two children to mother and required father to pay $250 per month per child for three years, then $375 per month per child, beginning in March, 1989.[1] Father is self-employed in the greeting-card distribution business and, at the time of the dissolution judgment, his yearly gross income was about $70,000. At that time, mother was a homemaker. In March, 1989, when his monthly support obligation increased to $375 per child, father's income was $92,697, and mother's income was $15,045.[2]

In January, 1990, mother moved to increase support, arguing that there had been a substantial change in circumstances because of an increase both in father's income and the children's expenses. She also requested attorney fees. By the time of the modification hearing, father's income had increased to $114,852, and mother's income had decreased to $14,534.[3] The trial court found that, under the guidelines,

---

[1] An addendum to the dissolution judgment says that the monthly support amount was set at $250 per child for a period of three years, because father would have a high level of debt under the judgment.

[2] The figures are based on the parties' 1988 tax returns, before the addition of spousal support received by mother and the deduction of spousal support paid by father. In addition, father's gross income figure does not include a deduction for depreciation claimed by him. *See* OAR 137-50-350(1).

[3] The figures are based on the parties' 1989 tax returns. *See* n 2, *supra*.

father's presumptive monthly child support obligation is $720 per month per child. However, it found that the presumption that that amount was correct had been rebutted and concluded that $500 per month per child was the appropriate obligation. The court also denied mother's request for attorney fees.

■     We note first our agreement with father that, because child support was increased to $375 per child in 1989, we must determine whether there has been a change in circumstances since then, not since the time of the 1986 dissolution judgment.[4] We agree with the trial court that, given the significant increase in father's income, the needs of the children and other relevant factors, there has been a substantial change in circumstances that justifies an increase in child support. However, there is no evidence to support the court's finding that the presumptive obligation of $720 per child has been rebutted. The record shows that the court's finding was based on two determinations: (1) the presumptive support amount exceeds the needs of the children; and (2) father's business was not expected to be as profitable in 1990 as it was in 1989.

■     In its letter opinion, the trial court said that $720 per child "far exceed[s] the need in this case. Mother claims a total household budget of $2300.00." It also stated:

> "Central to [mother's] claim of increased needs of the children is a significant increase in the parochial school tuition. The parties agree that their children should go to parochial school and [father] has paid the tuition over and above his child support voluntarily. He is willing to be bound to do so."

That willingness was not reflected in the judgment. Father did testify that he pays, in addition to child support, for some of the children's activities and vacations, as well as clothing, meals and personal items. It is difficult to determine why the court found that the child support exceeded the children's needs, particularly in the light of mother's income. However, in making a downward adjustment of $220 per child from the

---

[4] In its letter opinion, the trial court stated that it could not isolate the reason for the 1989 increase in child support under the judgment. That inquiry is not relevant to whether there has been a substantial change in circumstances since 1989.

presumptive support amount, it appears that the court considered the direct payments by father as a partial substitute for mandated child support.

We do not agree that father is entitled to the reduction that the trial court awarded him. That he may pay for parochial school, entertainment and vacations does not overcome the presumption that he should pay his full share of child support. Although he argues that he should be given credit for these payments to be applied against his child support obligation, *see* OAR 137-50-450(11),[5] on this record he has not established that these payments significantly reduced mother's expenses to support the children. We hold that the appropriate monthly obligation is $720 per child.

■ We also conclude that the trial court's determination that father's presumptive support obligation was rebutted, because his business was not expected to be as profitable in 1990 as it was in 1989, is wrong. This is not a proper case in which to base father's support obligation on his potential income, *see* OAR 137-50-360, and we decline to speculate as to his future earnings. If, in fact, his income does decline significantly in the future, he can move to modify at that time on an assertion of a substantial change in circumstances.

■ Father also argues that, even if mother did establish a substantial change in circumstances, *former* ORS 25.285[6] precludes her from seeking to modify support at this time. He contends that, because child support increased to $375 in March, 1989, a subsequent proceeding to modify support could not be initiated until two years later, in March, 1991. That is incorrect. *Former* ORS 25.285 provided, in part:

"A proceeding to modify a support obligation based on a review provided for in this section shall not be initiated

---

[5] OAR 137-50-450(11) provides:

"If the parent who is to pay support has physical custody less than 35 percent of the time, a credit may be given against the parent's support obligation upon a showing that the parent has physical custody more than 25 percent of the total overnights and that the parent's direct contribution to the support of the child significantly reduces the cost of support to the other parent."

It is undisputed that father has physical custody more than 25 percent, but less than 35 percent, of the time.

[6] ORS 25.285 was repealed by Oregon Laws 1991, chapter 519, section 8. The modification order in this case was entered on October 22, 1990.

sooner than two years following the date on which the current support obligation became effective. * * * *Notwithstanding the provisions of this section, proceedings may be initiated at any time to modify a support obligation based upon a substantial change of circumstances under any other provision of law.*" (Emphasis supplied.)

Two-year review is the procedure for periodic reviews of support orders collected through an ''enforcing agency'' under ORS 25.080. This proceeding is not a periodic review brought by an enforcing agency. Because mother's motion to modify was based on a substantial change in circumstances, ORS 107.135(2)(a), she was entitled to initiate the modification proceeding at any time. *See Gay and Gay,* 108 Or App 121, 124-25, 814 P2d 543 (1991).

■ Finally, mother argues that the trial court abused its discretion by denying her request for attorney fees. In its letter opinion, the court stated:

''A request for attorney fees will be entertained if the Court's award here is materially higher then [sic] Father's best offer.''

The trial court's apparent use of an auction-like criterion for establishing attorney fees was an abuse of discretion. On remand, the trial court must reconsider whether to award attorney fees.

On appeal, reversed and remanded with instructions to increase father's monthly child support obligation to $720 per child and for reconsideration of attorney fees; affirmed on cross-appeal. Costs to mother.