Submitted on record and briefs September 10, 1997, affirmed February 25, 1998

In the Matter of the Marriage of

Bradley Steven BOYD,
*Appellant,*
*and*

Mary Forester BOYD,
*Respondent.*

(95-DO-0729-AB; CA A96252)

954 P2d 1281

Gerald A. Martin argued the cause for appellant. With him on the brief was Francis & Martin.

Linda Reed Haase filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Husband appeals from the trial court's judgment denying his motion to modify spousal and child support. We review *de novo*, ORS 19.125(3), and affirm.

The parties' ten-year marriage ended in March 1996. Neither party was represented by an attorney, and the terms of the judgment were drawn from the parties' stipulations. During the marriage, husband and wife were owners of a corporation that operated a sporting goods store in Sisters. Husband received the shares of the corporation as part of the dissolution. Before the dissolution, wife had signed personal guarantees on loans for the business. The loans were also secured by the family home, which was awarded to wife as part of the property settlement.

Husband's support obligations were the result of a stipulation by the parties that was incorporated into the dissolution judgment. Husband agreed to pay $850 a month in spousal support, for a period of ten years or until wife's remarriage, whichever was earlier. In addition, husband agreed to pay $450 a month in child support, for a total support obligation of $1,300 a month. At the time of the dissolution, husband was taking home $1,600 a month from the store, but he testified that he had projected that his income would rise to $2,400 a month, thus allowing him to keep roughly half of his income after fulfilling his support obligations.

On July 17, 1996, four months after the court had entered the judgment dissolving the parties' marriage, husband moved to modify his support obligations, seeking to eliminate spousal support and to reduce child support to $400 a month. In an accompanying affidavit, husband stated that at the time of the dissolution he had anticipated that his retail sports equipment business would follow a pattern of increasing sales that had been established over the preceding six years, thus allowing him to pay the support decreed without financial difficulty. At the time of the hearing, husband testified that 1996 had, in fact, been a poor business year and the store had seen a substantial decrease in income, so that his own monthly income from the store was $1,446, little

more than his support obligation. He stated that part of the reason for his lowered salary was that he was using store income to pay off, at an accelerated rate, loans that were guaranteed by wife and secured by her property. Husband further testified that most of his store's winter income was based on the sale and rental of ski equipment and so was heavily dependant on snow conditions. Husband acknowledged that the previous year's snow conditions had been poor, but that the current snow season appeared to be much better.

Wife testified that she, too, had experienced a drop in income, because her employer had been purchased by another company and the new employer did not subsidize her child-care expenses. She testified that that loss of benefits represented a drop in monthly income of approximately $200, leaving her with a monthly income of approximately $833, from which she was responsible for her own child-care costs, which she estimated to be $300 a month. Wife further testified that, although she knew husband was paying the loans for the store at an accelerated rate, it was her understanding that that was by his choice and that he could have continued to pay them at a lower rate as long as he continued to pay them.

■ In order to obtain a modification of the child and spousal support orders, husband must demonstrate a substantial change in circumstances. *Scriven and Scriven*, 134 Or App 4, 7, 894 P2d 1172 (1995). In addition to being substantial, that change in circumstances must be one that could not have been anticipated at the time of the judgment. *Harden and Harden*, 67 Or App 687, 690, 679 P2d 348, *rev den* 297 Or 339 (1984). In this case, husband points to the previous year's poor sales in his retail business as the change in circumstances that justifies a modification of his support obligations. He contends that his original calculations that resulted in the current support amounts were based on the assumption that the income from his sporting goods store would increase over the years and that the 1996 slump in sales was unanticipated, thus meriting a reduction in his support obligations. We disagree.

■      Husband, who has a degree in economics, has owned the sporting goods store for over seven years. During that time, the store has seen an overall increase in annual sales. Husband conceded, however, that a constant upward progression in sales is not always the case for a developing business and that upward and downward shifts in income are to be expected. Husband further conceded that the floods and mudslides of early 1996 had had a significant effect on the store's business, cutting into its winter sports sales and rentals. Moreover, it appears that husband could have continued to pay off the bank loans on the store at a nonaccelerated rate, thus freeing up funds for his salary. Finally, husband conceded that sales and rentals for the month preceding the modification hearing were up from the year before. We conclude that, although it is clear that husband suffered a reduction in income in early 1996, there has not been the requisite *unanticipated* change in circumstances warranting a modification of husband's support obligations.[1] Should husband's business fortunes continue to decline to the point that they are no longer the economic ups and downs inherent in his type of business, then he may be entitled to a modification of his support obligations. At this time, however, we are not persuaded that he has met his burden of proof.

Affirmed. Costs to wife.

---

[1] We note that we have addressed a similar issue in the context of an initial support judgment. In *Christensen and Christensen*, 123 Or App 412, 859 P2d 1192 (1993), we stated:

"The * * * court is not bound by the fortuity of what may be a temporary business downturn or a short-term reduction in pay."

*Id.* at 415. Although we recognize that different factors must be considered when dealing with a modification request than with an initial support determination, we believe that the recognition that certain occupations are subject to vagaries in income applies equally to this case.