218

Submitted on record and briefs May 7, 1999, affirmed May 10, 2000

In the Matter of the Marriage of

Marcie L. THOMSEN,
*Respondent,*

*and*

Curtis B. THOMSEN,
*Appellant.*

(9430232; CA A100930)

2 P3d 432

Curtis B. Thomsen filed the brief *pro se*.

Kirsten L. Jepsen filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Husband appeals the trial court's refusal to modify his child support obligation and to terminate his spousal support obligation. We review *de novo* and affirm.

The parties' 11-year marriage was dissolved in 1995. The trial court granted wife custody of the parties' two children. It also awarded wife spousal support in the amount of $200 per month for four years and child support in the amount of $497 per month. Husband appealed the trial court's decision on those issues, and we affirmed. *Thomsen and Thomsen*, 145 Or App 484, 930 P2d 902 (1996). During the marriage, husband completed a bachelor's degree in business administration, which he had begun before the marriage, and also earned a one-year certificate in hazardous waste management. Wife earned a one-year degree in culinary arts during the marriage. At the time of the dissolution, husband was planning to work in an environmental consulting business that he had formed with his brother. Although husband testified at the dissolution proceeding that he could potentially earn more in the new business, the trial court set his expected income at $26,000. Wife was employed as a caterer for a hospital at dissolution. Her annual income in that position was $19,200.

In 1997, husband moved to modify the dissolution judgment to alter his support obligation and to obtain custody of the children. *See* ORS 107.135 (1995). In support of his motion on support, husband argued that his circumstances had changed because his self-employment as an environmental consultant had failed to generate the income that the trial court had predicted. With respect to custody, he argued that wife was neglecting the children and that she was not meeting their educational needs. The trial court denied the modification motion, holding, as to child and spousal support, that husband had failed to show a substantial change in economic circumstances. *See* ORS 107.135(2)(a) (1995). As to custody, the court held that husband had failed to show both that a substantial change of circumstances had occurred since the original dissolution judgment and that granting him custody would be in the best interests of the children. Only the trial court's rulings with respect to child and spousal support are before us on appeal.

Husband started the consulting business with his brother in 1993. However, he did not actively work to develop the business until at least 1995; in the interim, he pursued other opportunities. For instance, in 1994, husband worked as an environmental engineer until he was laid off in late October, a few weeks before the dissolution trial. That year, he earned about $30,000. After being laid off, husband searched for full-time employment for approximately four months. In the course of that search, he sent out 200 résumés. Although he received several interviews, none of them resulted in a job offer. Husband attributed his failure to secure employment to his lack of experience in the field.

In March 1995, in his capacity as a hazardous waste consultant, husband began work as a subcontractor for Americlean Environmental Services. In early 1997, after a falling out with Americlean, husband stopped his subcontracting work and began to devote full-time effort to his consulting business. At some point during the course of those events, husband's brother left the business to pursue a graduate degree. Husband is now operating the business alone. At the time of the modification hearing, husband had two contracts with municipalities; he had also put in bids for grants with other municipalities and was waiting to hear about those projects.[1] Husband has not searched for regular employment since March 1995.[2] However, he did receive one apparently unsolicited offer to work in the sales department of a company that was subcontracting with him. He rejected it because of the high turnover rate in that department.

In 1995, husband's adjusted gross income was $6,598; in 1996, it was $11,249. In 1997, husband reported his income from January through June to be $9,086. Based on the two contracts that he had at the time of the modification hearing, husband estimated that his total income for 1997 would be about $21,000. One of those two contracts extended through June 1998 and the other extended through

---

[1] Although husband's business had been awarded another two-year contract that would have provided him an income of about $40,000 a year, he could not post the $20,000 bond for that project and therefore lost it.

[2] Although husband testified that he has contacted a couple of Oregon companies about work that might be available, it appears that he did so in his capacity as a consultant rather than as a regular employee.

June 2000. Husband testified that he believed that his low income during the first few years of his business was due to the difficulty of developing a business without a sizable initial investment. He appeared to be confident, however, that his business was growing and would continue to grow, albeit at a slower rate than it would have if he had had more capital to invest in it.

In contrast to husband's income, wife's income has risen slightly since the dissolution proceeding. After being discharged from her catering position at the hospital, wife became an assistant general manager at a Shari's Restaurant. When she left that position, she became an assistant general manager at another restaurant. However, at the time of the modification hearing, wife was unemployed and was receiving unemployment insurance benefits. Her gross income for 1994 was $17,008.[3] In 1995, she earned $17,245. The evidence in the record regarding her 1996 earnings was incomplete. In 1997, her gross income was expected to be about $20,000, including the unemployment insurance benefits she had begun to receive in the latter half of the year, but not including the spousal support that husband owed her.

■■ Husband assigns error to the trial court's determination that no substantial change of circumstances has occurred that would justify modification of child support or termination of spousal support. *See* ORS 107.135(2)(a) (1995). Husband argues that his failure to earn the $26,000 projected by the trial court constitutes a "substantial change in economic circumstances" sufficient to require us to reconsider the award. ORS 107.135(2)(a) (1995); *see also Glithero and Glithero*, 326 Or 259, 265, 951 P2d 682 (1998). Similarly, he argues that wife's recent employment history indicates that her earning potential is well above the income that she was earning at the time of the dissolution trial. On *de novo* review, we conclude that husband has not met his burden of

---

[3] The only income data for wife in the record are copies of her W-2 forms and pay stubs. Therefore, all references to her income represent her gross earnings for that year. In contrast, we have used adjusted gross income figures for husband, except for 1997 when that information was not yet available.

proving a substantial change of economic circumstances. Accordingly, we affirm.

> "In order to obtain a modification of the child and spousal support orders, husband must demonstrate a substantial change in circumstances. * * * In addition to being substantial, that change in circumstances must be one that could not have been anticipated at the time of the judgment."

*Boyd and Boyd*, 152 Or App 785, 788, 954 P2d 1281 (1998) (citations omitted). Moreover, temporary reductions in income, *Adock and Adock*, 138 Or App 23, 27, 905 P2d 1185 (1995), and economic downturns in business do not ordinarily constitute changed circumstances, *Boyd*, 152 Or App at 789. Finally, it is well settled that we may modify spousal and child support awards only from the date of the motion for modification forward; all amounts previously in arrears have become judgments and may not be modified, except in very narrow circumstances not at issue here. *See Pedroza and Pedroza*, 128 Or App 102, 106-07, 875 P2d 478 (1994); ORS 107.135(6) (1995).

■ In this case, husband's business was in its incipient stages at the time of the dissolution trial. Because it could have been anticipated that such a business might not attain its potential profitability during the first few years, the fact that the business initially made less than expected does not *per se* constitute changed circumstances under *Boyd*. We nonetheless look to husband's current income level to see whether it has fallen below what the trial court could have anticipated and whether the income reduction is properly viewed as temporary or permanent. Husband's earnings for 1997, the year in which he sought the modification, were expected to total about $21,000, and husband himself testified that he anticipated that his business would continue to grow. At the time of the modification hearing, husband's income from self-employment was approaching the $26,000 figure that the trial court projected in the dissolution proceeding. Moreover, husband's own testimony suggests that the business was growing and therefore that the reduction in income is temporary; indeed, his income had risen significantly from 1995 to 1997. Thus, although it is possible that husband would have been entitled to a modification during

the years when his income was $6,700 and $11,250, on the grounds that his earnings during those years were significantly lower than the trial court could have anticipated, we do not have authority to reduce the support obligation for that period. *See Pedroza*, 128 Or App at 106-07. At the present time, husband's earnings are not so far below the original estimate as to justify a finding of substantially changed circumstances, especially in light of the fact that husband's business has been growing since he began devoting significant effort to it and should continue to grow. Similarly, the slight increase in wife's income over the amount that she was earning at the time of trial cannot support a finding of a substantial and unanticipated change of circumstances.[4]

■ We also are persuaded that the parties' earning potential does not appear to have changed significantly since the dissolution trial.[5] ORS 107.135(3)(a)(A) (1995) directs us to consider each party's earning potential in deciding whether a substantial and unanticipated change of circumstances has occurred. Although husband argues that his income history demonstrates that his income potential is much lower than the trial court estimated, we do not agree. First, as discussed above, husband's business appears to be growing, and his income is now approaching that anticipated by the trial court. Second, husband's strong professional qualifications indicate that he has the potential to earn significantly more than the $26,000 projected by the trial court if he accepts regular employment. Husband holds a bachelor's degree in business administration and has completed a one-year certificate program in hazardous waste management. Husband earned about $30,000 working as an engineer in 1994, the year in which the dissolution trial was held. Contrary to husband's arguments, the fact that he sent out

---

[4] Because wife was unemployed at the time of the modification hearing, it is proper to look at her income potential as well as her actual income. *LaFavor and LaFavor*, 151 Or App 257, 262, 949 P2d 313 (1997) (citing OAR 137-050-0360). However, as discussed below, we are not persuaded that wife's income potential is significantly higher than her 1997 earnings.

[5] Although we do not examine potential income when actually calculating the support obligation unless the obligor is employed less than full time, *see LaFavor*, 151 Or App at 262 (citing OAR 137-050-0360), potential income is one factor that we take into account when deciding whether a change of circumstances has occurred. ORS 107.135(3)(a)(A) (1995).

résumés for four months without success does not show that there is no work available for him in his field. Moreover, the fact that he recently received one apparently unsolicited offer of employment belies his assertion that regular employment is not available to him. Finally, husband himself testified that he believed that he did not receive job offers because of his lack of experience; in 1997, two years after that limited effort, he may have the experience required for those positions.[6]

■ In contrast to husband, wife has limited qualifications. Although she completed a one-year program in culinary arts during the marriage, she testified that her lack of computer skills has prevented her from obtaining a job in that field. Moreover, in part because husband has not fulfilled his spousal support obligation to her, she lacks the resources to develop those skills. During the years between the dissolution and the request for modification, wife worked as an assistant manager in restaurants. The fact that wife has been discharged from her past two jobs by her employers may also hinder her ability to secure another job at a similar salary level. Here, wife's income for 1997 was expected to be about $1,000 more than the trial court originally anticipated. Assuming that $20,000 represents wife's new income potential, the increase is not sufficient to constitute changed circumstances, especially when wife has been consistently receiving significantly less from husband than the court has ordered.

We conclude that husband has not established a change in circumstances sufficient to warrant modification of his spousal and child support obligations under ORS 107.135 (1995). Because some fluctuation in his income could have been anticipated by the trial court in the dissolution proceeding and because husband's income is now approaching the

---

[6] We note that this case is unlike *Cofsky and Cofsky*, 153 Or App 84, 955 P2d 777 (1998), in which the husband sought a modification of his child support obligation after he moved to a lower-paying job because of job-related physical ailments. In this case, except for the purported unavailability of regular employment for someone with his qualifications and the fact that husband had some remaining obligations under his current contracts, husband has not provided any evidence that he is unsuited for regular employment in his field. We are unconvinced by the two reasons he did provide.

income potential determined by the trial court in the dissolution, we conclude that he has not shown a substantial change in economic circumstances. Moreover, husband has not shown that either his or wife's potential earning capacity is significantly different from that found by the trial court in the dissolution. ORS 107.135(3)(a)(A) (1995). Accordingly, we affirm the trial court's denial of husband's modification motion.

Affirmed.