On appellant's petition for reconsideration filed May 4, and respondent's response to petition for reconsideration filed June 1, reconsideration allowed; former opinion (199 Or App 330, 111 P3d 746) clarified and adhered to as clarified July 13, 2005

# In the Matter of the Marriage of

## Michael C. NIETH,
*Appellant,*

*and*

## Cindy J. NIETH,
*Respondent.*

## 98C33984; A122979

116 P3d 234

Paul G. Dodds and Brownstein, Rask, Sweeney, Kerr, Grim, DeSylvia & Hay, LLP for petition.

William C. Crothers, Jr. and Crothers, Hansen P.C. for response.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

**SCHUMAN, J.**

In *Nieth and Nieth*, 199 Or App 330, 111 P3d 746 (2005), we affirmed the trial court's order modifying father's child support obligation. We based our decision on a change in economic circumstances due to an increase in both parties' combined income. ORS 107.135(3)(a). Father seeks reconsideration, ORAP 6.25(1)(e), and argues that "[t]he court erred in construing or applying the law because it affirmed the modification based on the increased income of the parties when there was no evidence that such increase was unanticipated at the time of the original judgment." We do not think that the opinion implies that an anticipated increase in economic circumstances justifies modification, and we write only to negate any such implication.

■■  As we wrote in our original opinion, *Nieth*, 199 Or App at 334, a child support order may be modified when there has been a substantial change in economic circumstances that was not anticipated at the time of the original judgment. ORS 107.135(3)(a); *Harden and Harden*, 67 Or App 687, 690, 679 P2d 348, *rev den*, 297 Or 339 (1984). The party seeking the modification, in this case mother, has the burden of showing that a substantial change has occurred. *Glithero and Glithero*, 326 Or 259, 265, 951 P2d 682 (1998); *MacIvor and MacIvor*, 122 Or App 207, 209, 857 P2d 198 (1993). Though our review in modification cases is *de novo*, ORS 19.415(3) (2001), we give considerable weight to the trial court's demeanor-based credibility findings where the evidence, or inferences drawn from it, are in dispute. *Hampton v. Sabin*, 49 Or App 1041, 1047, 621 P2d 1202 (1980), *rev den*, 290 Or 519 (1981). In this case, the trial judge determined that mother met her burden of showing that a change in circumstances had occurred. It did so, however, based on changes in custody, rather than the changes in the parties' incomes that provided the basis for our decision. Accordingly, the trial court's detailed findings related to the evidence on which it relied and not to the income change. Therefore, we draw our own inferences from the evidence without guidance from the trial court's findings. *See Ahearn and Whittaker*, 200 Or App 29, 38, 113 P3d 439 (2005) (inferring on *de novo* review that wife would have benefitted from certain property had the

marriage continued); *Winczewski and Winczewski,* 188 Or App 667, 713 n 38, 72 P3d 1012 (2003), *rev den,* 337 Or 327 (2004) (Deits, C. J., concurring) (inferring on *de novo* review that child's serious dental condition was due to mother's care).

The original stipulated judgment in this case was entered on June 25, 1999. That judgment included information pertaining to the parties' income. It stated that father was employed by Advantage Sales and Marketing and earned approximately $2,400 a month, and that mother was employed at O'Brien's Restaurant. Her gross monthly income was approximately $1,400.

By January 15, 2004,. the date of the modification hearing, both parties had changed jobs and both were making more money. Mother's new job was at the restaurant at Evergreen Golf Club, and she had been promoted to a managerial position. Additionally, she had an evening job "in maintenance and cleaning up of a physician's office." Her new income was $1,652. Father's new employment was as the Territorial Manager of Acosta, Inc. His new gross income was $2,864 per month. These figures represented a 19 percent change in the parties' combined incomes. Because the original judgment contains no evidence that the parties anticipated a substantial change in their combined income, and because, in her trial memorandum, after describing the change in the parties' incomes, mother argues that "[t]hese facts suggest that a substantial change in economic circumstances has taken place that was unforseen by the parties at the time of dissolution[,]" we can and do reasonably infer that the parties did not anticipate that both would find jobs with higher pay and that mother would be promoted to a managerial position.

■ It is the nature of the change, combined with the absence of any evidence that a change in economic circumstances was anticipated, that justifies the conclusion that the change was, in fact, unanticipated. Certainly, whenever a judgment is silent regarding a matter, the requirement that a change be unanticipated is not automatically satisfied. By their nature, some things are presumed to be anticipated. For example, in *Boyd and Boyd,* 152 Or App 785, 788-89, 954

P2d 1281 (1998), we affirmed the trial court's denial of the husband's motion to modify his spousal and child support obligations based on a decrease in income caused by a slump in sales of his sporting goods store. We reasoned that the husband, who had a degree in economics, knew that for a developing business upward and downward shifts in income are to be expected. Similarly, when a party receives a cost-of-living increase in income, when the consumer index raises a point, or when a child becomes slightly older, a modification of child support is not justified because those are anticipated changes. *Delf and Delf*, 19 Or App 439, 441-42, 528 P2d 96 (1974).

The circumstances in this case are different. Although most people hope for a promotion and a raise, more often than not, knowing when the promotion will take place and how much the raise will be involves speculation. Speculative incomes are not the proper basis for child support determinations. Rather, the proper procedure is for the parties to wait for the change to occur, and when it does to move for modification. *Longcor and Longcor*, 114 Or App 89, 93, 834 P2d 479 (1992). That is what mother did.

The evidence in the record permits the inference that the change in incomes was unanticipated, and there is no contradictory evidence. Therefore, we held that the 19 percent increase in the parties' combined income constitutes a substantial and unanticipated change in economic circumstances.

Reconsideration allowed; former opinion clarified and adhered to as clarified.