Argued and submitted July 20, affirmed October 10, 2007

Andrew WIEDERHORN,
*Plaintiff-Appellant,*

*v.*

MULTNOMAH ATHLETIC CLUB,
an Oregon mutual benefit corporation,
*Defendant-Respondent,*

*and*

John DOES 1-10
and Jane Roes 1-10,
*Defendants.*

Multnomah County Circuit Court
051212556; A132657

170 P3d 1

John S. Gordon argued the cause for appellant. With him on the briefs were Margaret Fiorino and Quinn Emanuel Urquhart Oliver & Hedges, LLP.

John T. Kaempf argued the cause for respondent. With him on the brief were Stephen F. English and Bullivant Houser Bailey P.C.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Plaintiff appeals a judgment dismissing his complaint, with prejudice, for failure to commence his action within the statute of limitations. ORCP 21 A(9). The trial court concluded that plaintiff did not file his complaint within the one-year statute of limitations prescribed in ORS 65.167(4) for "[a]ny proceeding challenging an expulsion" from a public benefit or mutual benefit corporation, such as defendant Multnomah Athletic Club (MAC).[1] Plaintiff argues that his action is not time-barred because the relevant statutes of limitations for his claims are six years for his contract claims, ORS 12.080(1), and two years for his tort claims, ORS 12.110(1). We agree with the trial court that ORS 65.167(4) applies to all of plaintiff's claims and, as such, they are time-barred. We affirm.

■■ In reviewing the grant of a motion to dismiss, we assume the truth of all allegations in the complaint, as well as any inferences that may be drawn, and view them in the light most favorable to the nonmoving party. *Jaqua v. Nike, Inc.*, 125 Or App 294, 296, 865 P2d 442 (1993). Our review of a motion to dismiss, based on the expiration of the statute of limitations under ORCP 21 A(9), is limited to what appears on the face of the pleading. *Id.*

Plaintiff was a member of MAC, a social and athletic club that is a nonprofit mutual benefit corporation under ORS chapter 65. MAC, acting through its board of trustees, voted to expel plaintiff from the club after he pleaded guilty to two felony charges in federal court. Plaintiff's expulsion from MAC was effective October 1, 2004. Plaintiff commenced this action alleging various contract and tort claims on December 2, 2005. In his complaint, plaintiff alleged (1) breach of contract, (2) breach of implied covenant of good faith and fair dealing, (3) breach of fiduciary duty of care, and (4) breach of fiduciary duty of good faith.

MAC moved to dismiss the complaint on the ground that it was time-barred under ORS 65.167(4). The trial court

---

[1] Plaintiff also named the individual members of MAC's board of trustees, which voted to expel plaintiff, as defendants. For simplicity, we will refer to all defendants as MAC.

granted MAC's motion on that ground but gave plaintiff leave to replead claims not challenging the expulsion. Plaintiff did not file an amended complaint, and the trial court issued a general judgment for MAC. Plaintiff appeals.

Plaintiff's assignment of error arises out of his contention that the trial court misconstrued ORS 65.167 to bar each of his four claims. That question—the proper interpretation of a statute—is a question we review as a matter of law. *State v. Stamper*, 197 Or App 413, 416, 106 P3d 172, *rev den*, 339 Or 230 (2005) (when the dispositive issue underlying the trial court's ruling involves the meaning of applicable statutes, we review that ruling as a matter of law).

As an issue of statutory construction, our task is to discern the legislature's intent using the familiar analytical template described in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). We undertake that task by first examining the text and context of the statute. We begin with the text of the statute itself as the starting point for interpretation, because it is the best evidence of the legislature's intent. *Id.* at 610. We also apply rules of statutory construction that bear directly on the interpretation of the statutory provision at issue. If, after completing the first level of analysis, the legislature's intent is clear, our task is complete and further inquiry is unnecessary. *Id.* at 611.

We begin our discussion with the statute at issue. ORS 65.167 provides, in part:

"(1)  No member of a public benefit or mutual benefit corporation may be expelled or suspended, and no membership or memberships in such corporations may be terminated or suspended, except pursuant to a procedure that is fair and reasonable and is carried out in good faith.

"* * * * *

"(4)  *Any proceeding challenging an expulsion*, suspension or termination, *including a proceeding in which defective notice is alleged, must be commenced within one year after the effective date of the expulsion*, suspension or termination."

(Emphasis added.) The disposition of plaintiff's case rests on the proper construction of the phrase, "[a]ny proceeding challenging an expulsion" in ORS 65.167(4). Within that phrase, the terms, "any," "proceeding," and "challenging" are crucial to our understanding of the legislature's intent.[2] ORS 65.001(36) defines "proceeding" to mean "includ[ing] civil, criminal, administrative and investigatory action." Plaintiff's complaint is a civil action and constitutes a "proceeding" under the statutory definition.

However, ORS chapter 65 does not define either "any" or "challenging." As such, we will give those words of common usage their plain, natural, and ordinary meaning. *PGE*, 317 Or at 611.

The definition of "any" includes:

> "**1 :** one indifferently out of more than two: one or more indiscriminately of whatever kind: **a :** one of another: this, that or the other - used as a function word esp. in interrogative and conditional expressions to indicate one that is not a particular or definite individual of the given category but *whichever* one chance may select * * * **b :** one, no matter what one: *EVERY* - used as a function word esp. in assertions and denials to indicate one that is selected without restriction or limitation of choice * * * **b :** *ALL* - used as a function word to indicate the maximum or whole of a number or quantity * * *."

*Webster's Third New Int'l Dictionary* 97 (unabridged ed 2002) (emphasis added). Here, although there are multiple meanings of "any," all the definitions incorporate an element of inclusiveness, as evidenced for example, by the definitions, "whichever," "every," and "all."

Next, we turn to "challenging." To construe its meaning we look at its root, "challenge," which has numerous definitions. In the context of the statute, however, the definitions that best fit ORS 65.167(4) are

> "**3 a :** to call into question esp. for verification, explanation, or justification: QUESTION, EXAMINE * * *

---

[2] The parties do not dispute that MAC's action constituted an expulsion as that word is used in ORS 65.167(4).

"4 a : to dispute esp. as being unjust, invalid, or outmoded: take exception to: IMPUGN * * * b : to question formally the legality or legal qualifications of * * *."

*Id.* at 371. When those meanings are analyzed together, the phrase "any proceeding challenging an expulsion" means "every and all civil, criminal, administrative and investigatory actions questioning or disputing an expulsion."

Nonetheless, plaintiff contends that ORS 65.167(4) is susceptible to more than one plausible meaning. At oral argument, while conceding that ORS 65.167(4) could be construed as we have outlined above, plaintiff asserted that there is another reasonable interpretation of the statute. In support of his argument that ORS 65.167(4) is ambiguous, plaintiff argues that the phrase "[a]ny proceeding challenging an expulsion" could plausibly be limited by the words, "including a proceeding in which defective notice is alleged." Plaintiff posits that ORS 65.167(4), when read together with ORS 65.167(2),[3] delineates the minimum requirements of a "fair and reasonable procedure" in which a mutual benefit corporation may expel, terminate, or suspend a membership. Thus, according to plaintiff, it is also reasonable to limit application of the one-year statute of limitations in ORS 65.167(4) to claims involving only an allegation of defective notice.

Plaintiff argues that, because he is not challenging the manner of written notice—a procedural matter and the only proceeding governed by ORS 65.167(4)—but rather he is alleging a breach of MAC's contractual obligations and fiduciary duties, that the bases of his claims do not derive from ORS 65.167. Thus, according to plaintiff, his complaint is not

---

[3] ORS 65.167(2) provides:

"A procedure is fair and reasonable when either:

"(a) The articles or bylaws set forth a procedure that provides:

"(A) Not less than 15 days' prior written notice of the expulsion, suspension or termination and the reasons therefor; and

"(B) An opportunity for the member to be heard, orally or in writing, not less than five days before the effective date of the expulsion, suspension or termination by a person or persons authorized to decide that the proposed expulsion, termination or suspension not take place; or

"(b) It is fair and reasonable taking into consideration all of the relevant facts and circumstances."

time-barred, because he has satisfied the relevant statute of limitations: six years for his contract claims, ORS 12.080(1), and two years for his tort claims, ORS 12.110(1).

Plaintiff's argument is unavailing for three reasons. First, plaintiff's proposed statutory construction misses the mark. In support of his argument that ORS 65.167(4) is limited only to claims alleging defective notice, plaintiff relies on ORS 65.167(2). However, in so arguing, he ignores a crucial statutory definition. The legislature, in drafting ORS chapter 65, defined "include[ ]," to mean "denot[ing] a *partial definition.*" ORS 65.001(25) (emphasis added). Thus, plaintiff's reliance on the legislature's inclusion of the phrase, "including a proceeding alleging defective notice," as evidence of its intention to limit ORS 65.167(4) to proceedings involving only defective notice is undermined by the legislature's explicit statement that a proceeding alleging defective notice is merely one of many types of proceedings covered under that statute.

Second, plaintiff argues that his claims arise under ORS chapter 12, identifying contract and tort claims, and not ORS 65.167. However, that contention is contradicted by the text of ORS 12.080(1), ORS 12.110(1), and related provisions. Specifically, ORS 12.080(1), enumerating limitations on contract claims, provides, in part:

> "An action upon a contract * * * excepting those mentioned in ORS 12.070, 12.110 and 12.135 and except as otherwise provided in ORS 72.750;
>
> "* * * * *
>
> "shall be commenced within six years."

Further, ORS 12.110(1), enumerating limitations on tort claims, provides, in part:

> "An action for * * * any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

Finally, the limitations in both ORS 12.080(1) and ORS 12.110(1) are subject to ORS 12.010, which provides:

"Actions shall only be commenced within the periods prescribed in this chapter, after the cause of action shall have accrued, *except where a different limitation is prescribed by statute.*"

(Emphasis added.) Thus, the legislature expressly limited contract and tort claims where "a different limitation [is] prescribed by statute." Here, ORS 65.167(4)—which unambiguously prescribes a one-year statute of limitations—is such a statute.

Third and finally, our review of a motion to dismiss based on the expiration of the statute of limitations is limited to the face of the pleading. Here, plaintiff's complaint demonstrates that he is challenging his expulsion from MAC. The description of his breach of contract claim is representative. Under that claim, plaintiff alleged:

"28. Defendant MAC *breached the written contract* with plaintiff Wiederhorn by *expelling plaintiff* Wiederhorn from membership in defendant MAC without acting pursuant to procedures which were fair and reasonable, carried out in good faith and consistently applied.

"29. As a proximate result of defendant MAC's breach of the written contract with plaintiff Wiederhorn, *plaintiff Wiederhorn suffered harm, including being expelled from MAC \* \* \*.*"

(Emphasis added.) In his prayer for relief, plaintiff requested, in part:

"1. That judgment be entered against defendant MAC and in favor of plaintiff Wiederhorn;

"2. That *MAC be ordered to reinstate plaintiff Wiederhorn* on terms that are reasonable, fair and equitable."

(Emphasis added.) Although plaintiff argues that his claims are based on theories of contract and tort, the face of his complaint demonstrates that he is challenging his expulsion from MAC, and thus is bound by the terms of ORS 65.167.

Thus, ORS 65.167 is unambiguous and, in order to be timely, plaintiff had to commence his action against MAC within one year of his expulsion. Plaintiff did not meet that

statute of limitations, and, as such, his complaint is time-barred.

Affirmed.