Argued and submitted April 1, supplemental judgment awarding attorney fees reversed and remanded; otherwise affirmed May 14, 2008

Gary HALE
and Jan Wroncy,
*Plaintiffs-Appellants,*

*v.*

R. Daniel KLEMP
and Oregon Forest Management Services, Inc.,
an Oregon corporation,
*Defendants-Respondents.*

Lane County Circuit Court
160422282; A131055

184 P3d 1185

David C. Force argued the cause and filed the briefs for appellants.

Philip R. McConville argued the cause for respondent R. Daniel Klemp. With him on the brief was Brown, Roseta, Long, McConville & Kilcullen.

Ted Sumner argued the cause for respondent Oregon Forest Management Services, Inc. With him on the brief were Gary V. Abbott and Abbott & Paris, P.C.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Plaintiffs initiated this action for declaratory, injunctive, and monetary relief, arising out of defendants' alleged trespass. Plaintiffs later voluntarily dismissed their claims against defendants. In response, defendants moved for, and obtained, awards of attorney fees and costs. Plaintiffs now appeal, assigning error to the fee awards, challenging both defendants' entitlement to the awards and the reasonableness of the amounts of the awards. We conclude that the trial court did not err in determining that defendants are entitled to fees, but we conclude that the trial court did err in failing to make findings that explain the basis for its determination of the reasonableness of the amounts of the attorney fee awards. We therefore reverse and remand.

The relevant facts are not in dispute. Plaintiffs own an organic farm and woodlot in Lane County. Defendant Klemp owns several lots that are located either adjacent to or near plaintiffs' property. Klemp manages the properties as commercial forestland. In the fall of 2002, Klemp hired defendant Oregon Forest Management Services, Inc. (OFMS) to apply a chemical herbicide to maple trees on his properties.

Plaintiffs filed a complaint—later amended several times—for declaratory, injunctive, and monetary relief against Klemp and OFMS, alleging that defendants' use of herbicides near plaintiffs' property has resulted in the physical invasion of their own property with the herbicides, causing them both personal and property damage. In response to plaintiffs' third amended complaint, defendant Klemp answered, alleging as an affirmative defense that "[d]efendants Klemp and OFMS were engaged in forest practices on forestland as defined in ORS 30.930" and that, as a result, Klemp is immune from suit and "is entitled to recover his reasonable attorney fees and costs pursuant to ORS 30.938," which provides that, "[i]n any action or claim for relief alleging nuisance or trespass and arising from a practice that is alleged by either party to be a farming or forest practice, the prevailing party shall be entitled to judgment for reasonable attorney fees and costs incurred at trial and on appeal." OFMS likewise answered the third amended complaint and alleged, as an affirmative defense, that

"[d]efendant OFMS engaged in forest practices as defined by ORS 30.930(4)" and that, as a result, OFMS is immune from suit and "is entitled to its reasonable attorney fees and costs pursuant to ORS 30.938."

Both Klemp and OFMS filed motions for summary judgment, asserting their affirmative defenses of statutory immunity based on the fact that they were engaged in forest practices pursuant to the law. They submitted in support of their motions affidavits from various persons who attested to the nature of the forest practices at issue and the fact that they complied with all applicable laws.

On the day that plaintiffs' response to the summary judgment motions was due, plaintiffs filed a notice of voluntary dismissal of their action against defendants, pursuant to ORCP 54 A. The trial court entered a general judgment dismissing all claims without prejudice.

Both Klemp and OFMS then filed statements for attorney fees and cost bills. In both cases, defendants contended that they were entitled to the awards under ORS 30.938, because they had prevailed in an action alleging trespass arising from a practice that is alleged to be a forest practice.

Plaintiffs objected to the requests for attorney fees and costs. They denied that defendants had engaged in a "forest practice" within the meaning of ORS 30.938 and argued that defendants should not be entitled to fees without an adjudication of that matter. Plaintiffs also objected to the reasonableness of the amounts of defendants' attorney fee requests. Plaintiffs argued that the trial court should, after considering all of the statutory factors germane to a determination of the reasonableness of an attorney fee request, *see* ORS 20.075, exercise its discretion to reduce the awards to defendants. Among other things, plaintiffs asserted that, given the conduct of the parties in the occurrence that gave rise to the litigation, the objective reasonableness of their claims, the extent to which an award of attorney fees would deter others from asserting good faith claims, the objective

reasonableness and diligence of the parties during the litigation, and the reasonableness of the parties in pursuing settlement, the court should substantially reduce any attorney fee award to defendants.

Defendants replied that the statute expressly does not require *proof* that they engaged in forest practices. According to defendants, the statute provides for an award of attorney fees and costs in any action or claim for relief alleging nuisance or trespass and arising from a practice *that is alleged* by either party to be a farming or forest practice. In this case, defendants assert, it is undisputed that they alleged that the action arises out of a forest practice.

The trial court agreed with defendants that the allegation that plaintiffs' claims arose out of a forest practice sufficed and that proof of an actual forest practice within the meaning of the statute was not required. The court then stated that "[p]laintiffs do not contest that the attorney fees alleged are reasonable" and proceeded to award defendants the full amounts of their attorney fee requests.

On appeal, plaintiffs first assign error to the awards of attorney fees and costs without proof that the claims arose from a "forest practice." According to plaintiffs, although they do not dispute that the land involved was "forestland," they do dispute that defendants were managing that land by means of lawful "forest practices." Plaintiffs contend that the trial court should have required defendants to prove that the herbicide spraying at issue in this case was being performed consistently with the requirements of the law. Plaintiffs acknowledge that the statute does not, by its terms, require such proof and that the statute actually requires only an allegation that the action arises out of forest practices. Plaintiffs insist that "this Court should hold that a statute authorizing attorney fees to parties who **allege** certain facts, was intended to mean that those parties are entitled to recover those fees only if they **prove** those facts." (Boldface in original.) The presumption that the legislature meant what it said, plaintiffs argue, "must have some limits."

Defendants contend that the statute is plain and unambiguous, requiring only an allegation that a claim arises out of forest practices and not actual proof as to the

nature or lawfulness of those forest practices. It is not for the courts, defendants argue, to alter the wording of the statute on the ground that we believe that statute to be ill-advised or poor public policy.

■■ The issue is one of statutory construction and, as such, is governed by the rules of interpretation as set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). It is worth emphasizing in that regard that, as the Supreme Court has cautioned on many occasions, "statutory construction methodology, not policy considerations[,] must be our guide in discerning the meaning of a statute. In other words, we must give effect to a statute's wording as the means by which we discern and further its underlying policy." *Johnson v. Swaim*, 343 Or 423, 430-31, 172 P3d 645 (2007) (internal quotation marks and citation omitted); *accord Rodriguez v. The Holland, Inc.*, 328 Or 440, 446, 980 P2d 672 (1999) ("This court's statutory construction methodology, not policy considerations, guide that inquiry.").

■■ In accordance with that methodology, we begin with an examination of the text of the statute, which is "the best evidence of the legislature's intent." *PGE*, 317 Or at 610; *see also Wiederhorn v. Multnomah Athletic Club*, 215 Or App 392, 395, 170 P3d 1 (2007) ("We begin with the text of the statute itself as the starting point for interpretation, because it is the best evidence of the legislature's intent."). In examining that text, we are required to "ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010; *accord Fernandez v. Board of Parole*, 137 Or App 247, 252, 904 P2d 1071 (1995) ("[W]e are constrained by the reasonable construction of language that the legislature actually enacted.").

■ When we examine the text of the statute, we always do so in context, which includes, among other things, other provisions of the statute of which the disputed provision is a part. *See, e.g., Vsetecka v. Safeway Stores, Inc.*, 337 Or 502, 508, 98 P3d 1116 (2004) ("Ordinarily, * * * text should not be read in isolation but must be considered in context." (Internal quotation marks omitted.)); *Lane County v. LCDC*, 325 Or

569, 578, 942 P2d 278 (1997) ("[W]e do not look at one subsection of a statute in a vacuum; rather, we construe each part together with the other parts in an attempt to produce a harmonious whole.").

In this case, the dispute centers on the meaning of ORS 30.938, which is part of a larger piece of legislation pertaining to farming and forest practices enacted in 1993. Or Laws 1993, ch 792. The enactment begins with legislative findings that farming and forest practices "are critical to the economic welfare of this state." ORS 30.933(1)(a). "Forest practices" are defined as operations on forestland that are, among other things, "generally accepted, reasonable and prudent" practices that conform to the requirements of applicable laws. ORS 30.930(4).

The statute declares, as a matter of legislative policy, that farming and forest practices must be protected and that "[c]ertain private rights of action and the authority of local governments and special districts to declare farming and forest practices to be nuisances or trespass must be limited." ORS 30.933(2). The law goes on to provide immunity from civil nuisance or trespass actions based on farming or forest practices. ORS 30.936. Specifically, the law provides that "[n]o farming or forest practice on lands zoned for farm or forest use shall give rise to any private right of action or claim for relief based on nuisance or trespass." The law similarly provides immunity for farming or forest practices allowed as preexisting nonconforming uses. ORS 30.937. The statute then includes the following provision pertaining to attorney fees and costs, which is the focus of the dispute in this case:

> "In any action or claim for relief alleging nuisance or trespass and arising from a practice that is alleged by either party to be a farming or forest practice, the prevailing party shall be entitled to judgment for reasonable attorney fees and costs incurred at trial and on appeal."

ORS 30.938.

Taken as a whole, this much seems clear about the statute. First, in general, the purpose of the statute is to protect—indeed, to immunize—farming and forest practices

from private actions for nuisance and trespass. Second, to obtain that immunity, however, a party must establish that the subject of the nuisance or trespass action is actually a farming or forest practice within the meaning of the law. Third, in contrast, ORS 30.938 explicitly conditions a prevailing party's recovery of attorney fees and costs on the mere *allegation* that the nuisance or trespass action arises from a farming or forest practice. In fact, the statute declares that the matter may be "alleged by either party," that is, even the party claiming entitlement to attorney fees. There is simply no wording in ORS 30.938 that imposes a requirement that any party prove the existence of a farming or forest practice, only that such a farming or forest practice is alleged to be the basis for the nuisance or trespass action.

■        In this case, it is undisputed that plaintiffs brought a trespass action against defendants. It is further undisputed that both defendants alleged in their answers affirmative defenses, which included explicit allegations that plaintiffs' claims arose out of forest practices within the meaning ORS 30.930. And it is undisputed that, when plaintiffs voluntarily withdrew those claims, defendants were the prevailing parties. *See* ORCP 54 A(3) ("Unless the circumstances indicate otherwise, the dismissed party shall be considered the prevailing party."). We conclude that the trial court did not err in determining that defendants satisfied the requirements of ORS 30.938 for awards of attorney fees and costs. Plaintiffs advance other arguments in support of their assertion to the contrary, but we reject them without further discussion.

Plaintiffs also assign error to the failure of the trial court to make findings as to the reasonableness of the amounts of the attorney fee awards. According to plaintiffs, ORS 20.075 obliges the court to consider a number of statutory factors in determining the reasonableness of an attorney fee request, while *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 188, 957 P2d 1200 (1998), further obliges the court to make express findings as to the basis for its decision. Plaintiffs contend that they raised both obligations to the trial court and that the court's assertion that they did not contest the reasonableness of defendants' attorney fee requests is simply incorrect.

Defendants respond by asserting that plaintiffs failed to preserve an objection to the reasonableness of the amounts of their attorney fee requests. They point to the fact that plaintiffs did not object to the reasonableness of the hourly rates and did not put on evidence contesting the reasonableness of the amounts of time billed.

As we have noted, however, plaintiffs plainly objected not only to defendants' entitlement to attorney fees, but also to the amounts of the attorney fees that they requested. Plaintiffs' objections expressly asserted that the reasonableness of an hourly rate and the reasonableness of the amount of time billed are only two of a number of statutory factors that are relevant to a determination of the reasonableness of defendants' attorney fee requests and that a number of other specific statutory factors weigh in favor of substantially reducing the fee awards.

Turning to the merits of plaintiffs' assignment of error, ORS 20.075(1) provides that a trial court "shall consider" at least eight factors in determining *whether* to make a discretionary award of attorney fees pursuant to a statute. Among those factors are the "conduct of the parties in the transactions or occurrences that gave rise to the litigation," the "objective reasonableness of the claims and defenses asserted by the parties," the "extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases," the reasonableness and diligence of the parties and their lawyers during the litigation, and the reasonableness of the parties in pursuing settlement. ORS 20.075(1). The statute then provides that, whether or not entitlement to attorney fees is discretionary, in determining the *amount* of an award, the court "shall consider" all of the foregoing factors together with an additional eight, which include the reasonableness of the hourly rate and the reasonableness of the time expended. ORS 20.075(2).

In *McCarthy*, the Supreme Court explained that, in considering the factors listed in ORS 20.075, the trial court must "identif[y] the relevant facts and legal criteria on which the court relies in awarding attorney fees." 327 Or at 187-88 (emphasis omitted; brackets in original). The court explained

that such findings are necessary to enable "meaningful appellate review of an award or denial of attorney fees." *Id.* at 187. The court cautioned, however, that trial courts are not required to address each and every statutory factor in each and every case; rather, "the objections of a party who resists a petition for attorney fees play an important role in framing any issues that are relevant to the court's decision to award or deny attorney fees." *Id.* at 189.

In this case, plaintiffs objected to the reasonableness of defendants' attorney fee requests, specifically identifying more than a dozen of the factors listed in ORS 20.075 as weighing in favor of a reduction in the amounts of the awards. The trial court, in the portion of its decision addressing the reasonableness of defendants' attorney fee requests, stated only that "[p]laintiffs do not contest that the attorney fees alleged are reasonable" and, without further discussion or findings, awarded the full amounts requested.

The court was mistaken. Its assertion that plaintiffs did not contest the reasonableness of defendants' attorney fee requests is plainly contradicted by plaintiffs' written objections. We have examined the transcript of the hearing on the objections and have located no waiver of those arguments. Plaintiffs did concede the reasonableness of the hourly rates of defendants' counsel. And, as defendants point out, plaintiffs did not put on any evidence challenging the reasonableness of the time that defendants' attorneys devoted to the litigation. But ORS 20.075 makes clear that the reasonableness of an hourly rate and the reasonableness of time expended in litigation are but two of 16 different factors listed in the statute as among those that a party may identify as a basis for objecting to the amount of an attorney fee request. And plaintiffs in this case expressly objected to the amounts of defendants' attorney fee requests on the basis of a number of those other statutory factors. In response, the trial court provided no explanation as to how it disposed of plaintiffs' objections or how it arrived at its finding that the amounts of defendants' attorney fee requests were reasonable. Under *McCarthy,* that constitutes reversible error. *See Nieth and Nieth,* 199 Or App 330, 339-40, 111 P3d 746, *adh'd to as clarified on recons,* 200 Or App 582, 116 P3d 234 (2005) (reversing award of attorney fees because the trial court failed to identify which statutory factors supported its decision).

Supplemental judgment awarding attorney fees reversed and remanded; otherwise affirmed.