Submitted September 3, 2010, judgment for support arrears dated August 27, 2009, modified to provide that unpaid child support arrears in this case are established at $21,827.96 through April 13, 2009; otherwise affirmed October 27, 2010

In the Matter of the Marriage of

Colleen Renee HUNT,
*Petitioner-Respondent,*
*and*

Aaron James HUNT,
*Respondent-Appellant.*

Lane County Circuit Court
159917268; A143326

242 P3d 682

Aaron James Hunt filed the brief for appellant *pro se*.

No appearance for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Duncan, Judge.

BREWER, C. J.

**BREWER, C. J.**

Father appeals from a judgment establishing a child support arrearage under ORS 25.167. Father asserts that the trial court erred in failing to reduce the claimed arrearage based on an agreement that he reached with mother to reduce his total monthly child support obligation following the death of one of the parties' two minor children. Father also asserts that the trial court erred in failing to give him credit on his child support obligation for the parties' surviving child after she attained her eighteenth birthday and was either self-supporting and not living with mother, or living with father. Although the trial court correctly denied father most of the credit that he seeks, we conclude that the court erred in failing to exercise its discretion to reduce the arrearage for a period during which the child lived with father. As explained below, we modify the judgment for support arrears accordingly.

We state the pertinent facts that are undisputed or, to the extent they are disputed, we state them in accordance with the trial court's express and implied findings that are supported by evidence in the record. ORS 19.415(3)(b). The parties' marriage was dissolved in April 2000. The dissolution judgment required husband to pay the unsegregated sum of $392 per month in child support for the parties' two minor children. The parties' son died in July 2002 at the age of nine. The parties thereafter reached an oral agreement to reduce husband's support obligation for the parties' surviving daughter to $200 per month. However, that agreement was never formally documented or reduced to the form of a judgment modifying the dissolution judgment. Thus, the obligation of $392 per month continued to accrue. In January 2006, the parties' daughter turned 18. For various periods from then until she reached age 21, the daughter attended school and either lived with friends or with one of the parties. For at least four months in late 2006, the daughter lived with father, and mother knew of and consented to that arrangement. Father made payments at the rate of at least $200 per month for most months from November 2002 until May 2009, when he stopped paying child support. This proceeding followed.

■ Father appears *pro se* on appeal, and some of his arguments are less clear than we would prefer. However, we understand his primary arguments to be those set out at the beginning of this opinion. Unfortunately for father, the trial court correctly denied his request for relief from the arrearage claim in the two primary respects that he urges on appeal. ORS 107.135 provides, in part:

"(6) Any modification of child or spousal support granted because of a change of circumstances may be ordered effective retroactive to the date the motion for modification was served or to any date thereafter.

"(7) The judgment is final as to any installment or payment of money that has accrued up to the time the nonmoving party, other than the state, is served with a motion to set aside, alter or modify the judgment. The court may not set aside, alter or modify any portion of the judgment that provides for any payment of money, either for minor children or for the support of a party, that has accrued before the motion is served. However:

"(a) The court may allow a credit against child support arrearages for periods of time, excluding reasonable parenting time unless otherwise provided by order or judgment, during which the obligor, with the knowledge and consent of the obligee or pursuant to court order, has physical custody of the child; and

"(b) The court may allow, as provided in the rules of the Child Support Program, a dollar-for-dollar credit against child support arrearages for any Social Security or Veterans' benefits paid retroactively to the child, or to a representative payee administering the funds for the child's use and benefit, as a result of an obligor's disability or retirement."

Father did not file and serve a motion to modify the child support obligation before the parties' daughter reached age 18. Accordingly, the court had no authority to enforce the parties' oral agreement to reduce the support obligation to $200 per month. ORS 107.135(6), (7); *see also Thomsen and Thomsen*, 167 Or App 218, 223, 2 P3d 432 (2000) ("[I]t is well

settled that we may modify support awards for minor children only from the date of the motion for modification forward; all amounts previously in arrears have become judgments and may not be modified, except in very narrow circumstances not at issue here.").

Moreover, ORS 25.167 establishes the framework for determining child support arrearages and the scope of the trial court's authority in those actions:

"This section establishes procedures for determining the amount of arrearage and for making a record of arrearage of support payments. All of the following apply to this section:

"* * * * *

"(2)   * * *

"* * * * *

"(f)   If objections are filed within the time allowed, the district attorney or the [Division of Child Support] shall cause the case to be set for a court hearing. At the hearing, the court shall consider the correctness of the certificate [of the amount in arrears] but may not consider objections to the merits of the [support judgment]."

The statute is explicit: In an action for arrearages, the court's authority is limited to consideration of the amount of arrearages. The court has no authority to determine issues outside that narrow confine, and it is expressly prohibited from considering objections going to the merits of a support judgment, including whether it should be retroactively modified. Accordingly, the court lacked authority to reduce the claimed arrearage based on the parties' oral agreement.

The analysis is somewhat different for father's claim that the court erred with respect to support amounts accruing after the daughter attained age 18. There is evidence in the record that the daughter attended school during the pertinent period, but there is no evidence as to the precise periods of her attendance. Under ORS 107.108(8), the child support obligation for a child who has reached 18 years of age may be suspended under certain circumstances. Father did not argue before the trial court that any such circumstances

had occurred in this case.[1] Because there is no evidence that father's child support obligation was suspended for any particular portion of the pertinent period, we reject father's general claim to a credit for that period.

■ However, ORS 107.135(7)(a) provides that the court "may" allow a credit against child support arrearages under certain circumstances. *See Pedroza and Pedroza*, 128 Or App 102, 106, 875 P2d 478 (1994) (acknowledging court's authority to allow credit against child support arrearages for periods of time during which obligated parent has physical custody of child with knowledge and consent of custodial parent). Although the precise period was disputed, wife acknowledged that the parties' daughter lived with husband for approximately four months after she reached her eighteenth birthday. Father sought credit for that period, and the trial court did not explain why it failed to give father credit in accordance with mother's acknowledgement. We conclude that, in the absence of any countervailing evidence or a reasoned explanation why it would be unjust to give father credit for the period during which the daughter lived with him, the court should have exercised its discretion to reduce the period of arrears by four months, that is, by $1,568. *See Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008) ("[w]hen a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion"). Accordingly, we reduce the judgment to $21,827.96, through April 13, 2009.

Judgment for support arrears dated August 27, 2009, modified to provide that unpaid child support arrears in this case are established at $21,827.96 through April 13, 2009; otherwise affirmed.

---

[1] Father makes an undeveloped argument in his second assignment of error on appeal that "[d]efendant and state [were] never properly notified once minor child became of age and self sufficient under ORS 107.108 and attending school." However, he points to no place in the record where such an argument was preserved before the trial court nor to any evidence supporting the argument. Accordingly, we do not consider it further.