Argued and submitted April 14, supplemental judgment for attorney fees vacated and remanded for reconsideration May 26, 2010

Ken LEWIS
and Utility Reform Project,
*Plaintiffs-Respondents,*

*v.*

Lee BEYER,
Ray Baum, and John Savage,
*Defendants,*

*and*

OREGON PUBLIC UTILITY COMMISSION,
*Defendant-Appellant.*

Marion County Circuit Court
07C11429; A139922

232 P3d 980

Karla H. Ferrall, Assistant Attorney General, argued the cause for appellant. With her on the briefs were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Daniel Meek argued the cause for respondents. With him on the brief was Linda K. Williams.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Rosenblum, Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Plaintiffs petitioned the circuit court for an order requiring defendant, the Oregon Public Utility Commission (PUC), to enforce certain provisions of ORS 757.268. The court granted plaintiffs' motion for summary judgment and, over PUC's objection, awarded attorney fees to plaintiffs by way of a supplemental judgment. PUC appeals that supplemental judgment for attorney fees, raising similar objections to those raised in the circuit court. As explained below, we cannot determine the basis for the court's award of attorney fees; hence, we cannot meaningfully review the award. For that reason, we remand for additional findings by the circuit court.

After the court granted plaintiffs' motion for summary judgment, plaintiffs filed a statement of attorney fees pursuant to ORCP 68, citing three separate bases for a fee award: ORS 183.497(1)(a) (authorizing a discretionary award of attorney fees for certain actions against state agencies); ORS 183.497(1)(b) (mandating an award of attorney fees against a state agency that has acted without a reasonable basis in fact or law); and the "substantial benefit" doctrine described in *Deras v. Meyers*, 272 Or 47, 65-66, 535 P2d 541 (1975) (recognizing the courts' equitable authority to award attorney fees "where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as [the plaintiff's] own").

Defendant objected to the fee petition on several grounds, including: (1) ORS 183.497 was inapplicable because there was no final agency order in the case; (2) even if that statute applied, and the court had discretion to award fees, it would be inappropriate to exercise that discretion because plaintiffs did not pursue available administrative remedies and did not obtain a particularly favorable result; (3) ORS 183.497(1)(b) did not mandate an award of attorney fees, because defendant had a reasonable basis for its position; (4) plaintiffs had not obtained a "substantial benefit"; and (5) in the event that some award of attorney fees was authorized, the award should be reduced to account for fees that were duplicative or were for time spent on issues on which plaintiffs did not prevail.

In a reply brief, plaintiffs cited additional authority for an award of attorney fees—ORS 183.486, as well as a more developed theory under the "substantial benefit doctrine," *see generally Crandon Capital Partners v. Shelk*, 342 Or 555, 157 P3d 176 (2007)—and also requested a hearing on the fee petition. PUC then moved to strike plaintiffs' reply, arguing that ORCP 68 does not authorize a reply and that plaintiffs raised new bases for relief in their reply that had not been pleaded or included in their statement of attorney fees.

On May 1, 2008, the circuit court issued a letter opinion that denied plaintiffs' "tardy" request for a hearing, but that also denied PUC's motion to strike. The letter opinion then stated, "Plaintiffs are awarded costs as claimed, and attorney fees of $21,070.00 representing 60.2 hours, at $350.00 per hour." It concluded, "Plaintiffs may prepare an appropriate Order, together with proposed Findings of Fact, if so desired." No such order and findings were ever entered by the court; rather, the court entered a supplemental judgment for attorney fees that stated:

> "The Court, having considered Plaintiffs' Statement for Attorney Fees and Costs and Defendant's objections and having issued a letter opinion filed May 1, 2008, setting forth its findings and conclusions and awarding to plaintiffs attorney fees of $21,070 and costs of $310,
>
> "NOW THEREFORE IT IS ADJUDGED THAT:
>
> "Plaintiffs are entitled to recover $21,070 for attorney fees and $310 for costs from [PUC]."

However, as set out above, the May 1, 2008, letter opinion did not actually set forth any "findings and conclusions"; it simply awarded fees for 60.2 hours, at a rate of $350.00 per hour.

The issue before us is whether that attorney fee award was erroneous. As set out above, plaintiffs sought fees on a number of grounds, each of which required the circuit court to apply different legal standards and make different factual findings. Given the lack of any findings or explanation by the circuit court, we have no way to tell which of plaintiffs' proffered bases the court ultimately relied on when awarding fees. That is particularly problematic because the

possible bases for attorney fees implicate different standards of review. For example, the circuit court's exercise of discretion to award attorney fees is reviewed differently from the circuit court's conclusion that an attorney fee award is mandated by statute. Without knowing the legal or factual basis for the attorney fee award in this case, we cannot meaningfully review that award. Accordingly, we remand for the circuit court to make the findings necessary for meaningful appellate review. *See McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190-91, 957 P2d 1200 (1998) (on reconsideration) ("Efficient and meaningful appellate review for abuse of discretion cannot occur on the present record, because we can only speculate about the possible relevant facts and legal criteria relied on for the court's award of attorney fees. Adequate findings about those matters need not be complex or lengthy. Rather, they must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review.").

Supplemental judgment for attorney fees vacated and remanded for reconsideration.