Submitted January 9, reversed and remanded February 12, 2014

Craig B. PALEN,
dba C. Palen Construction,
*Plaintiff-Appellant,*

*v.*

Barbara OLSEN,
an individual,
*Defendant-Respondent.*

Douglas County Circuit Court
09CV5113CC; A152048

323 P3d 334

Roxanne L. Farra filed the briefs for appellant.

Dan G. McKinney and DC Law filed the brief for respondent.

Before Wollheim, Presiding Judge, and Lagesen, Judge, and Schuman, Senior Judge.

PER CURIAM

## PER CURIAM

In this action on a contract for the construction of a house, after lengthy litigation, the parties settled their dispute by way of an offer of judgment under ORCP 54 E, and defendant agreed that plaintiff, who was the builder of the house, was entitled to a net judgment of $15,000 and reasonable attorney fees. The construction contract included a provision for an award of "all costs of collection including reasonable attorneys fees." Plaintiff requested attorney fees of $306,969.61 and costs of $3,115.25, and provided an itemized list of fees and costs incurred at various stages of the litigation. The trial court awarded only $6,500 in attorney fees and $750 in costs.

On appeal, plaintiff challenges the attorney fee award, contending, among other arguments, that the trial court's letter opinion did not provide enough information to permit meaningful review of its decision to award only a small fraction of the requested fees.

We agree with plaintiff that the trial court's award is inadequate for review. After summarizing the litigation and the factors to be considered in awarding attorney fees set forth in ORS 20.075, the court stated:

> "Upon review of the evidence, in light of the factors listed above, the Court considers the factor of the amount involved in the controversy and the results obtained as most instructive in this case in deciding whether an award of attorneys' fees is appropriate in this case. With that, the Court looks to the amount of time an attorney would reasonably have spent on this type of case. Based on the amount involved in the controversy and the results obtained, an award of reasonable attorney fees in the amount of $6,500.00 shall be awarded to plaintiff."

Although the trial court explicitly cited some factors that it considered in making its award of attorney fees, the court did not offer any explanation as to how the factors led to the court's decision to award only a small fraction of the requested fees. It is true that we have said in our cases that a trial court's findings on attorney fees are generally sufficient if the trial court notes the statutory bases for its decision. *See, e.g., McCarthy v. Oregon Freeze Dry, Inc.,* 327 Or

84, 96, 957 P2d 1200, *on recons,* 327 Or 185, 190-91, 957 P2d 1200 (1998); ("[A court] must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review."). However, in light of the complexity of this litigation and the multiple components that formed the bases for the attorney fee petition and the objections, we conclude that, in this case, in order for us to meaningfully review the trial court award of attorney fees, it was necessary for the trial court to provide more detailed findings and conclusions. *See Lewis v. Beyer,* 235 Or App 367, 370-71, 232 P3d 980 (2010); *see also Squier Associates, Inc. v. Secor Investments, LLC,* 196 Or App 617, 624, 103 P3d 1129 (2004).

Reversed and remanded.