AOYAGI, J.
*535 This is an appeal from a supplemental judgment in a landlord-tenant action, awarding $2,000 in attorney fees to plaintiff as the prevailing party. In her sole assignment of error, plaintiff, who requested just over $7,000 in attorney fees, contends that the trial court abused its discretion when it awarded her only $2,000 in attorney fees. Defendant has not appeared on appeal. Because we do not have sufficient information about the trial court's reasons for awarding the amount that it did to conduct meaningful appellate review, we vacate the supplemental judgment and remand to the trial court. In doing so, we conclude that plaintiff adequately preserved the alleged substantive error and was not required to request special findings under ORCP 68 C to do so.
The relevant facts are minimal and undisputed for purposes of appeal. Plaintiff agreed to rent a residence from defendant but, upon moving in, discovered that the residence was uninhabitable and moved out. Plaintiff later filed this action, alleging that defendant had breached her statutory obligations as a landlord and had failed to return or account for plaintiff's security deposit. The trial court entered a default order against defendant. It then entered a general judgment in plaintiff's favor for $3,600, plus attorney fees and costs to be determined by supplemental judgment. At that time, plaintiff filed a statement in which she requested $3,054 in attorney fees. Plaintiff also requested costs, but the cost award is not at issue so we do not discuss it.
Soon thereafter, defendant appeared in the action for the first time and filed a series of motions, including two motions for relief from judgment and a motion to dismiss. The trial court denied all of defendant's motions. Thereafter, plaintiff filed an amended attorney fee statement. She requested $7,018.75 in incurred fees, which included both her previously requested fees and her fees to oppose defendant's motions.
Defendant filed written "objections" to the trial court's rulings on her post-judgment motions. Defendant, who had not objected to plaintiff's original fee statement, *536 concluded that filing with a one-sentence objection to plaintiff's amended fee request: "In addition, Defendant strenuously objects to Plaintiff's attorney fees as excessive and being taken without authority or authorization."
In response to defendant's objection, plaintiff argued that her requested fees were reasonable given the factors applicable to discretionary fee awards under ORS 20.075. Plaintiff also submitted a declaration from an experienced local attorney regarding the reasonableness *796 of the fees. In reply, defendant argued that the amount requested was excessive, this time providing some explanation for that position. Plaintiff filed a surreply, reiterating the legal and factual bases for her fee request.
Neither party requested a hearing on the attorney fee matter, and none was held. The trial court issued a letter opinion that stated in its entirety: "The Court hereby awards attorney fees in the amount of $2,000.00. [Plaintiff's attorney] shall include the amount in the Judgment or shall otherwise prepare the appropriate documents."
On September 13, 2016, the trial court entered a supplemental judgment consistent with its letter opinion. Plaintiff appeals that judgment. She contends that the court abused its discretion by awarding her only $2,000 in fees. See ORS 20.075(3) (review of a discretionary fee award subject to ORS 20.075, including its amount, is for abuse of discretion); McCarthy v. Oregon Freeze Dry, Inc. , 327 Or. 84, 95, 957 P.2d 1200, on recons. , 327 Or. 185, 190, 957 P.2d 1200 (1998) (same).
We turn to our legal analysis. In any action on a rental agreement or arising under ORS chapter 90 (Residential Landlord and Tenant), "reasonable attorney fees at trial and on appeal may be awarded to the prevailing party together with costs and necessary disbursements, notwithstanding any agreement to the contrary." ORS 90.255. Defendant has never disputed that this action is subject to ORS 90.255 and that plaintiff was the prevailing party at trial in this case.
Because ORS 90.255 provides for a discretionary fee award, a trial court must consider all of the factors in *537 ORS 20.075(1) and (2) in determining the amount of an award under that statute. ORS 20.075(2) ; see Barbara Parmenter Living Trust v. Lemon , 345 Or. 334, 348, 194 P.3d 796 (2008). Summarily stated, those factors are:
• the parties' conduct giving rise to the litigation
• the objective reasonableness of the parties' claims and defenses
• the extent to which an award would deter good faith claims and defenses in similar cases
• the extent to which an award would deter meritless claims and defenses
• the parties' objective reasonableness and diligence during the proceedings
• the parties' objective reasonableness and diligence in pursuing settlement
• the amount awarded as a prevailing party fee under ORS 20.190
• the time and labor required
• the novelty and difficulty of the questions involved
• the skill needed to perform the legal services
• the likelihood that this representation would preclude the attorney from taking other cases (if apparent to the client)
• the fee customarily charged in the locality for similar legal services
• the amount involved in the controversy and results obtained
• the time limitations imposed by the client or circumstances of the case
• the nature and length of the attorney-client relationship
• the attorney's experience and reputation and ability
• the fixed or contingent nature of the fee.
*538 ORS 20.075(1) - (2). Additionally, the court must consider "[s]uch other factors as the court may consider appropriate under the circumstances of the case." ORS 20.075(1)(h).
The question before us, then, is whether, on this record and given those factors, the trial court abused its discretion by awarding plaintiff only $2,000 in attorney fees. Our ability to conduct such an analysis, however, faces an immediate obstacle: the lack of any explanation from the trial court as to the basis for its decision.
In some cases, even when a trial court provides little or no explanation for the amount of a discretionary fee award, we are able to glean enough from the record to review the award. The way that the issues were framed by the parties in the trial court, *797 the nature and breadth of objections raised, insights from a fee hearing transcript, or obvious relationships between particular objections and the amount awarded all aid in that regard. At the same time, the nature of discretionary fee awards is such that, sometimes, the absence of an explanation makes it impossible in practice to determine whether the court acted within its discretion. First, there are a vast number of potential combinations of factors that could lead to any given award, especially because the trial court has discretion how much weight to give each of the many factors that it must consider. Second, the universe of potential rationales has no clear edges because, in addition to the specific factors listed in ORS 20.075(1) and (2), the trial court must consider any "other factors" that it deems appropriate, ORS 20.075(1)(h). As a result, we may not know what factors a court has considered unless it tells us. Third, and especially problematic, attorney fee awards do not appear to be strictly limited to "the record" in the way that most substantive rulings are. Even when a fee petition is unopposed, the trial court may make its own assessment of the reasonableness of the fees. See ORCP 68 C(4)(f); Council on Court Procedures, Staff Comment to ORCP 68, 32 (Dec. 15, 1990) (the trial court has "discretion to pass on the reasonableness of the amounts claimed," even when there is no objection).[1] *539 This is a case in which we cannot determine whether the trial court acted within its discretion without knowing why it awarded the amount that it did. Defendant did not object to plaintiff's original fee request of $3,600. Her objections to plaintiff's amended fee request of $7,018.75 were relatively summary. No hearing was held. The amount of the award does not obviously tie to defendant's objections in a specific way. As a result, the $2,000 award to plaintiff might or might not have been within the court's discretion. Without any insight as to why the court awarded the amount that it did-which was less than a third of what plaintiff requested-we cannot say.
Plaintiff argues that, on this record, the amount of attorney fees that she requested was reasonable ($7,018.75) and the amount of fees that the court awarded was unreasonable ($2,000), and she therefore urges us to reverse and remand with instructions to award the full amount requested. We disagree that that is the correct disposition. Even when an attorney fee request is unopposed, the trial court has discretion in setting the amount of the award and is not required to award the full amount requested. See ORCP 68 C(4)(f). We cannot say that the trial court's only permissible choice in this case was to award the full amount that plaintiff requested, which is what would be necessary to remand with that instruction. To the contrary, it is likely that a range of awards would fall within the court's discretion.
That brings us back to our inability to meaningfully review this fee award and what we should do about it. The leading case on the issue is McCarthy , 327 Or. 84, 327 Or. 185, 957 P.2d 1200. There, a party who had successfully defended a favorable judgment on appeal requested $18,268 in attorney fees. We awarded $12,000 without any explanation. Id. at 87, 957 P.2d 1200. The Supreme Court vacated the award and remanded to us for further *540 proceedings, stating that an explanation of the award was necessary for it to conduct its review:
"As a practical matter, this court cannot analyze the record to determine whether a court's decision to award or deny an attorney fee pursuant to statute was an abuse of discretion unless the court, in its findings, identifies the relevant facts and legal criteria on which the court relies in awarding attorney fees."
*798 Id. at 96, 957 P.2d 1200. The Supreme Court further explained that requiring a lower court to provide sufficient information for appellate review was not a matter of statute or rule but, rather, arose from the "prudential and practical considerations that undergird the interests of the parties and the court in meaningful appellate review of an award or denial of attorney fees." Id. at 185, 957 P.2d 1200.
We regularly follow McCarthy when we are unable to conduct meaningful appellate review of a fee award. For example, in Lewis v. Beyer , 235 Or. App. 367, 370, 232 P.3d 980 (2010), the trial court awarded "attorney fees of $21,070 representing 60.2 hours at $350.00 per hour," and the defendant challenged that award on appeal. Given the mix of arguments that the parties had made in the trial court, we were unable to meaningfully review the fee award. We therefore remanded to the trial court to "make the findings necessary for meaningful appellate review." Id. at 371, 232 P.3d 980. Similarly, in Palen v. Olsen , 261 Or. App. 108, 109, 323 P.3d 334 (2014), the plaintiff requested $306,969 in fees, and the court awarded $6,500. Although the court had provided some explanation of its decision, it was inadequate under the circumstances to meaningfully review the award, so we remanded "for the trial court to provide more detailed findings and conclusions." Id. at 110, 323 P.3d 334.[2] Thus, vacating and remanding to the trial court is generally the appropriate disposition when a discretionary *541 attorney fee award is not susceptible to meaningful appellate review due to a lack of explanation or findings.
That said, there is one wrinkle to that general rule that has arisen since McCarthy and which we address because it pertains to plaintiff's preservation of the alleged error. See Harrison v. Hall , 211 Or. App. 697, 701, 156 P.3d 141, rev. den. , 343 Or. 159, 164 P.3d 1160 (2007) (appellate court has an independent obligation to assess preservation). ORCP 68 C used to provide that no findings of fact or conclusions of law were necessary for an attorney fee award. See ORCP 68 C(4)(c)(ii) (1997). That rule was amended after McCarthy . See Council on Court Procedures, Staff Comment to ORCP 68, 11 - 12 (Dec. 12, 1998). The amended rule, which has been in effect since 2000, provides that, upon the request of a party in the caption of an attorney fee request or response, the trial court "shall make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees." ORCP 68 C(4)(g). Absent such a request, "the court may make either general or special findings of fact and may state its conclusions of law regarding attorney fees."Id. Plaintiff did not request special findings in this case.
Because ORCP 68 C(4)(g) provides an express mechanism to request special findings on attorney fees, a party who wishes to assign error to a trial court's failure to make special findings, as a procedural error, will not have preserved the error unless special findings were requested in the trial court. See Peeples v. Lampert , 345 Or. 209, 222 n. 11, 191 P.3d 637 (2008) (stating same in context of a discretionary sanction ruling); Hostetler and Hostetler , 269 Or. App. 312, 313, 344 P.3d 126 (2015) (rejecting, as unpreserved, husband's challenge to the trial court's failure to explain its attorney fee award to wife, where husband had not requested special findings under ORCP 68 C(4)(g) and was making a purely procedural challenge on appeal).
At the same time, a party's choice not to request special findings does not waive the party's right to meaningful appellate review of the substance of a fee award. In Peeples , the Supreme Court addressed the appellate consequences of failing to object to a trial court's lack of special *542 findings in support *799 of a discretionary ruling. Applying the "usual rules of preservation," the court concluded that a party's failure to object to a lack of special findings in the trial court rendered that alleged procedural error unpreserved for appeal. 345 Or. at 218, 191 P.3d 637. However, it did not affect the party's ability to pursue a substantive challenge to the court's ruling. The Supreme Court emphasized that a party's failure to preserve an alleged procedural error "precludes only a procedural challenge to the failure to make one or more special findings; it does not preclude review of a substantive challenge to the merits of the [ruling], if that challenge is preserved, as it was in this case." Id. at 224-25, 191 P.3d 637 (emphases in original). The court explained that it was therefore appropriate that we had addressed the substantive assignment of error on the merits, "while properly declining to consider, as an independent claim of error ," petitioner's challenge to the lack of findings. Id. at 225, 191 P.3d 637 (emphasis added).[3]
Thus, even if a party had an opportunity to request special findings and did not do so, the party may still challenge the substance of the award on appeal, as long as the party's substantive arguments are preserved. At that point, if the trial court's explanation and findings "are sufficient for efficient and meaningful appellate review," we proceed to the merits. Quick Collect, Inc. v. Higgins , 258 Or. App. 234, 245, 308 P.3d 1089 (2013). If they are not, we remand to the trial court to provide an adequate explanation, which may include making findings, as discussed earlier. 295 Or. App. at 540 n. 2, 541, 435 P.3d at 798 n. 2, 798 (citing cases).
*543 In this case, plaintiff has assigned error to the substance of the trial court's attorney fee award. Although she mentions the lack of findings, she does not independently assign error to the lack of findings, see Peeples , 345 Or. at 224-25, 191 P.3d 637, or claim that the court erred in not making findings. Because plaintiff challenges the substance of the fee award on appeal, and because she made the same arguments in the trial court, the alleged error is preserved. And, as previously discussed, we cannot meaningfully review the substance of the court's award on this record. Accordingly, remand is the appropriate disposition.[4]
Vacated and remanded.

With many rulings, even a general finding with no explanation-a mere finding in favor of one party or the other-is enough in conjunction with the evidentiary record and the record of the parties' arguments to identify the court's possible decision paths and determine whether one of those paths lawfully permitted the result. By contrast, numerous courts, including the Oregon Supreme Court, have recognized that attorney fee awards can be impossible to review without an explanation of the court's reasoning. E.g. , McCarthy , 327 Or. at 96, 957 P.2d 1200 (recognizing "practical" need to know the factual and legal bases for a discretionary fee award to review it); Padgett v. Loventhal , 706 F.3d 1205, 1208 (9th Cir. 2013) (urging district courts to "show their work" on attorney fee awards because it is "simply not possible" to review them otherwise).

See also Frakes v. Nay , 254 Or. App. 236, 256, 295 P.3d 94 (2012) (vacating and remanding attorney fee award because, "[u]nder the circumstances of this case, the trial court's findings are not sufficient for us to meaningfully review" the award); Hale v. Klemp , 220 Or. App. 27, 36, 184 P.3d 1185 (2008) (remanding attorney fee judgment due to trial court's failure to adequately explain the award); Nieth and Nieth , 199 Or. App. 330, 340, 111 P.3d 746, adh'd to on recons. , 200 Or. App. 582, 116 P.3d 234 (2005) (remanding "for a more explicit explanation of the attorney fee award so that we may review the award for abuse of discretion without speculating as to its justification").

To the extent that Peeples leaves any room for debate about the relevance of ORCP 68 C(4)(g) to preservation of attorney fee challenges, that gap is filled by an earlier case, Mattiza v. Foster , 311 Or. 1, 803 P.2d 723 (1990). In Mattiza , the trial court had awarded attorney fees to the defendant on the ground that the plaintiff had acted in bad faith in bringing the action, which, at that time, was a basis for a fee award. The Supreme Court reversed the award due to the trial court's incorrect interpretation of the statutory test. In the process, the court discussed ORCP 62 A, which provides that a trial court "may make either general or special findings" in a civil action tried to the court, unless a party "demands" special findings prior to the commencement of trial. ORCP 62 A; see Mattiza , 311 Or. at 10, 803 P.2d 723. The Supreme Court warned that special findings could be necessary for meaningful appellate review, even if ORCP 62 A purported to allow the court not to make them in the absence of a request. See Mattiza , 311 Or. at 10, 803 P.2d 723. ORCP 68 C(4)(g) is nearly identical to ORCP 62 A in its substance. If a court must provide a sufficient explanation of its ruling for meaningful appellate review regardless of ORCP 62 A, then it also must do so regardless of ORCP 68 C.

We note that, on remand, the trial court is not required to make "special findings" within the meaning of ORCP 68 C(4)(g)-because plaintiff did not request them-although the rule certainly permits it to do so. It is for the trial court to decide how to provide the necessary information for meaningful appellate review.