Argued and submitted September 17, 2020, supplemental judgment vacated and remanded August 18, 2021

## HARCOURTS INTEGRITY TEAM REAL ESTATE SERVICES LLC.,
*Plaintiff-Respondent,*

*v.*

## Steve RALPH,
*Defendant-Appellant.*

### Douglas County Circuit Court
18LT17212; A170735

497 P3d 1253

Defendant appeals from a supplemental judgment for attorney fees in a landlord-tenant dispute. The trial court awarded him $960 of his request for $8,940. Defendant argues that the trial court erred because it failed to make findings of facts and conclusions of law despite his request under ORCP 68 C(4)(g), and because the trial court failed to consider awarding any attorney fees for responding to plaintiff's objections to his fee statement. *Held*: The trial court failed to put its findings and conclusions on the record in sufficient detail to enable meaningful appellate review or inform the parties of its reasoning and thus erred by failing to fulfill its duty to render findings in accordance with ORCP 68 C(4)(g).

Supplemental judgment vacated and remanded.

Jason R. Thomas, Judge pro tempore.

Harry D. Ainsworth argued the cause and filed the brief for appellant.

Clark E. Rasche argued the cause for respondent. Also on the brief was Watkinson Laird Rubenstein, P.C.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Brewer, Senior Judge.

DeVORE, P. J.

Supplemental judgment vacated and remanded.

**DeVORE, P. J.**

Defendant appeals from a supplemental judgment for attorney fees in a landlord-tenant dispute. The trial court awarded him $960 of his request for $8,940. First, he argues that the trial court erred because it failed to make findings of facts and conclusions of law despite his request under ORCP 68 C(4)(g). Next, he argues that the trial court erred in failing to consider awarding any attorney fees for responding to plaintiff's objections to his fee statement ("fees on fees").[1] We agree that the trial court erred in failing to make findings of fact and conclusions of law regarding the relevant facts and law on which it relied in awarding attorney fees. Our decision on the first issue obviates the need to consider the second issue, insofar as the trial court must, on remand, further address both fee requests. We vacate the supplemental judgment and remand the case to the trial court.

The relevant facts are undisputed. Plaintiff, defendant's landlord, issued a 60-day notice of eviction without cause to defendant and subsequently initiated this residential forcible entry and detainer (FED) action. The notice of eviction failed to note a date of termination, as required by ORS 90.427(3)(c) (2018).[2] On the day of trial, plaintiff acknowledged that the notice of eviction was flawed, and the trial court granted defendant's motion to dismiss.

Upon dismissal, defendant submitted an initial statement of attorney fees and costs under ORS 90.255, requesting a total of $3,030. That amount consisted of 10.1 hours at $300 per hour. Of that time, 6 hours was travel time for defendant's attorney's round trip from Portland to Roseburg, the location of the trial. There was no reduced rate for travel time. In the statement's caption, defendant requested special

_____

[1] In his second assignment of error, defendant argues, in part, that the trial court erred by denying his request for "fees on fees" as a matter of law. As we describe below, the record indicates that the trial court understood that it had the discretion to award "fees on fees" and did not decline to award those fees as a matter of law. *See* 314 Or App at 30-31. Therefore, we reject that part of defendant's second assignment of error.

[2] The relevant provision of the lease termination statute, ORS 90.427(3)(c), was modified in 2019. *See* Or Laws 2019, ch 1, § 1. We refer to the version in effect at the time of the eviction notice.

findings of fact and conclusions of law pursuant to ORCP 68.[3] Defendant argued that the trial court should award the requested fees for a variety of reasons, including that defendant had prepared objectively reasonable substantive defenses in the event that his motion to dismiss failed; an award of fees would deter landlords from evicting tenants in retaliation for complaining about living conditions; the landlord had been objectively unreasonable by refusing to compromise in settlement talks; defendant would otherwise be unable to obtain an attorney; and defendant's attorney had taken the case on a contingency basis.

Plaintiff objected to that statement of fees, arguing that the requested amount of attorney fees was excessive and unreasonable. Plaintiff argued that defendant's counsel was experienced in landlord-tenant disputes and that he should have identified the date defect in the eviction notice earlier and promptly notified plaintiff so that plaintiff could have voluntarily dismissed the action prior to trial. If defendant's attorney had done so, plaintiff argued, defense counsel would not have accrued six hours in travel time for an obviously unnecessary trial. Plaintiff urged the court to exercise its discretion to decline awarding defendant attorney fees altogether. He contended that awarding fees would deter landlords from bringing good faith claims in the future. If the trial court were to award attorney fees, plaintiff submitted, the appropriate attorney fee award would be $240 to cover only defendant's attorney's work prior to the trial.

Defendant filed a response to plaintiff's objection.[4] He defended his attorney's decision to not reveal the defect in the eviction notice to plaintiff, arguing that the attorney had no obligation to reveal possible defenses to plaintiff

---

[3] Under ORCP 68 C(4)(g), "[o]n the request of a party, the court shall make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees. A party must make a request pursuant to this paragraph by including a request for findings and conclusions in the caption of the statement of attorney fees or costs and disbursements, objection, or response filed pursuant to *** this rule."

[4] In the caption of defendant's response to plaintiff's objection, defendant again requested that the trial court make special findings of fact and conclusions of law pursuant to ORCP 68.

prior to trial, that contacting plaintiff to do so may have been unethical where plaintiff was unrepresented by counsel, and that there was no guarantee that plaintiff would have agreed to dismiss the action. Defendant argued that the travel time from Portland to Roseburg was routinely awarded in FED cases given that the dearth of attorneys made it difficult for tenants to find local, paid counsel in that community.

In addition, defendant filed a supplemental statement of attorney fees. Defendant requested $5,910 for the fees incurred in litigating the attorney fee issue, *i.e.*, "fees on fees."

At a hearing on attorney fees, each party argued that the factors contained in ORS 20.075 weighed in its favor. The trial court told the parties that it was "unlikely to write out much of an explanation as to the award of * * * fees," but that it would issue a judgment within two weeks. The trial court advised that it was reviewing the issue of "fees on fees" as one of discretion rather than law. Although the trial court explained that it understood that awarding "fees on fees" was permissible, it cautioned that it was unlikely to award such fees in this instance. The trial court added that it would decline to consider the merits of any retaliatory motive on the part of plaintiff, as that issue "just simply wasn't part of the case."

Three days later, the trial court issued a supplemental judgment awarding defendant $960 in attorney fees. The trial court did not make any special findings of fact or offer any conclusions of law so as to explain its decision.

On appeal, defendant first argues that the trial court erred procedurally in failing to make findings in response to defendant's request under ORCP 68 C(4)(g). Defendant argues next that the court abused its discretion in declining to award any recovery for the requested "fees on fees."

Plaintiff responds, first, that defendant did not preserve his request for findings of fact and conclusions of law under ORCP 68 C(4)(g). Next, plaintiff contends that the trial court's statements following the parties' arguments at

the fee hearing amounted to sufficient findings to explain its award of attorney fees. Finally, plaintiff contends that the trial court did not abuse its discretion in declining to award "fees on fees."

In actions based on a rental agreement, the trial court may award reasonable attorney fees to the prevailing party. ORS 90.255. We review a trial court's decision whether to award discretionary attorney fees for abuse of discretion. ORS 20.075(3); *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 84, 95, 957 P2d 1200 (1998).

A trial court is required to "make special findings of fact and state its conclusions of law on the record regarding the issues material to the award or denial of attorney fees" where a party makes a request by "including a request for findings and conclusions in the caption of the statement of attorney fees or costs and disbursements, objection, or response filed pursuant to" ORCP 68. ORCP 68 C(4)(g). A party fails to preserve the issue of the absence of findings where the party fails to make a written request pursuant to ORCP 68 C(4)(g). *Moreau v. Samalin*, 295 Or App 534, 541, 435 P3d 794 (2019); *Hostetler and Hostetler*, 269 Or App 312, 326, 344 P3d 126 (2015). We determine that defendant adequately preserved his argument that the trial court procedurally erred when it failed to provide special findings of fact and conclusions of law explaining its attorney fee determination.

Plaintiff does not dispute that defendant requested special findings of facts and conclusions of law in the captions of both of his attorney fee statements. Nevertheless, plaintiff contends that, in order to preserve the issue, defendant was required to object and renew his written request when the court indicated at the attorney fee hearing that it was "unlikely to write out much of an explanation as to the award of * * * fees" when it later issued its judgment.

We disagree with plaintiff that the trial court's statement in this case operated as a warning that *no* explanation as to the award of fees was forthcoming. That is because the trial court's statement could just have easily been interpreted as expressing the trial court's intent to comply but not

make lengthy or complex findings. *See Bearden v. N. W. E., Inc.*, 298 Or App 698, 708, 448 P3d 646, *rev den*, 366 Or 64 (2019) (explaining that, to be adequate, the court's findings need not be lengthy or complex). By making written requests pursuant to ORCP 68 C(4)(g), defendant preserved his argument that the trial court erred procedurally by failing to make special findings for our review.

When a trial court is obliged to make findings and conclusions regarding attorney fees, those findings are adequate where they "describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review." *McCarthy*, 327 Or at 185. Adequate findings, however, can be sufficiently clear without being extensive or lengthy. *Id.* In some cases, findings may be sufficient where we are able to glean the trial court's reasoning for its award through reviewing how the issues were "framed by the parties in the trial court, the nature and breadth of the objections raised, insights from a fee hearing transcript, or obvious relationships between particular objections and the amount awarded." *Moreau*, 295 Or App at 538.

We are unpersuaded that the trial court's statements at the fee hearing sufficiently explained the trial court's reasoning. The transcript of the attorney fee hearing, including the trial court's statements, does not sufficiently demonstrate the relevant facts and legal criteria that explain the basis for the court's award of attorney fees. Defendant requested $3,030 in attorney fees in his original fee statement and $5,910 in a supplemental fee statement. As described above, plaintiff argued that defendant's fee requests were unreasonable for multiple reasons, including that defendant should have informed plaintiff of the notice defect earlier, that defendant did not diligently pursue settlement, and that awarding fees in a case dismissed on a technicality would deter landlords from bringing good faith claims in the future. Plaintiff suggested that, if attorney fees were to be awarded, $240 would be an appropriate amount.

The court awarded $960 in attorney fees—an amount in between those urged by the parties. The trial court's initial statements that it would not consider defendant's

proposed retaliation theory and would be reluctant to award a larger fee, due to the fee dispute, do not explain the trial court's later decision to award less than the initial request for fees through the trial date.

The court could have determined that defendant's failure to call attention to the termination-date defect so as to avoid trial relates to the objective reasonableness of claims and defenses (ORS 20.075(1)(b)) or the objective reasonableness and diligence of the parties (ORS 20.075(1)(e)). The court could have reflected on the fact that the initial fee statement through trial consisted of 60 percent travel time, which was included at a full hourly rate of $300 per hour; the court could have spoken of that fact in terms of the relative time and labor in the proceeding (ORS 20.075(2)(a)) or the amount involved in the controversy and results obtained (ORS 20.075(2)(d)). Or, the court could have referred to "[s]uch other factors as the court may consider appropriate." ORS 20.075(1)(h).

However, without any insight into the underlying relevant facts and legal criteria, the trial court's findings fall short. *See Bruce v. Cascade Collections, Inc.*, 199 Or App 59, 67-68, 110 P3d 587, *rev den*, 339 Or 66 (2005) (remanding a supplemental attorney fee judgment where trial court failed to make findings, despite explicit request from a party under ORCP 68). When the trial court fails to put its findings and conclusions on the record in sufficient detail to enable meaningful appellate review or inform the parties of its reasoning, it fails to fulfill its duty to render findings in accordance with ORCP 68 C(4)(g). Accordingly, we vacate the supplemental judgment and remand for further proceedings consistent with this opinion.

Supplemental judgment vacated and remanded.