***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted October 26, vacated and remanded November 23, 2022

Lisa DISANTE,
*Plaintiff-Respondent,*

*v.*

Anna FLADAGER,
*Defendant-Appellant.*

Douglas County Circuit Court
20LT05132; A175756

Jason R. Thomas, Judge pro tempore.

Harry Ainsworth argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kamins, Judge.

KAMINS, J.

Vacated and remanded.

**KAMINS, J.**

Defendant appeals a supplemental judgment awarding attorney fees to her in an amount less than that which she had requested. Defendant raises six assignments of error challenging various aspects of the trial court's award of attorney fees. Our resolution of defendant's first assignment of error obviates the need to address her second through sixth assignments of error. We vacate and remand.

"When a trial court is obliged to make findings and conclusions regarding attorney fees, those findings are adequate where they describe relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review." *Harcourts Integrity Team Real Estate Services v. Ralph*, 314 Or App 27, 32, 497 P3d 1253 (2021) (internal quotation marks omitted). In her first assignment of error, defendant contends that the trial court erred "in not putting sufficient findings of fact and conclusions of law on the record to comply with ORCP 68 C(4)(g) and to enable meaningful appellate review of its ruling or inform the parties of the basis of its decision." We agree with defendant that the trial court's findings of fact and conclusions of law were insufficient to permit meaningful appellate review.

Specifically, regarding the trial court's decision to award travel time at a rate of $100 per hour as opposed to the requested $350 per hour, the trial court's statement that that amount was "appropriate," without more, is insufficient to permit meaningful appellate review. Likewise, the trial court's decision to award attorney fees for preparation in an amount of "not more than double the amount of court time" is insufficient to permit meaningful appellate review. *See Bearden v. N. W. E., Inc.*, 298 Or App 698, 710, 448 P3d 646, *rev den*, 366 Or 64 (2019) ("In the absence of a more complete explanation of why the requested amount was excessive, the record is insufficiently clear for meaningful appellate review."); *Frakes v. Nay*, 254 Or App 236, 256, 295 P3d 94 (2012), *rev den*, 353 Or 747 (2013) (vacating and remanding where "we would be required to speculate as to how the trial court reached its $50,000 attorney fee award"). Finally, regarding the trial court's decision not to award attorney

fees on the second and third of defendant's counterclaims, we cannot discern the trial court's reasoning, given the limited treatment of that issue in its letter opinion. Further explanation on remand would facilitate meaningful appellate review.

Vacated and remanded.