430 December 3, 2025 No. 1042

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Cassandra Louise SCHROEDER,
*Petitioner-Respondent,*

*v.*

Ross MAITINNARA,
*Respondent-Appellant.*

Washington County Circuit Court
22DR12736; A184834

Kelly D. Lemarr, Judge.

Argued and submitted October 28, 2025.

George W. Kelly argued the cause and filed the brief for appellant.

Laura Graser waived appearance for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Vacated and remanded.

**TOOKEY, P. J.**

In this domestic relations case, father appeals a supplemental judgment awarding mother attorney fees and costs in the amount of $22,629. On appeal, mother did not file a responding brief or appear at oral argument. For the reasons stated below, we vacate and remand the supplemental judgment.

Trial courts have discretion to award attorney fees and costs in a proceeding to modify a judgment of dissolution of marriage. ORS 107.135(8). In determining whether to make an award of attorney fees and the amount, courts are required to consider the factors set forth in ORS 20.075. A trial court's findings "need not be complex or lengthy." *McCarthy v. Oregon Freeze Dry, Inc.*, 327 Or 185, 190, 957 P2d 1200 (1998). However, the findings "must describe the relevant facts and legal criteria for the court's decision to award or deny attorney fees in any terms that are sufficiently clear to permit meaningful appellate review." *Id.* at 190-91. Due to the nature of discretionary fee awards, "sometimes, the absence of an explanation makes it impossible in practice to determine whether the court acted within its discretion." *Moreau v. Samalin*, 295 Or App 534, 538, 435 P3d 794 (2019).

Here, mother initiated the proceeding to modify the stipulated judgment of dissolution, but, in awarding fees to mother, the trial court did not address the ORS 20.075 factors adequately. Instead, the trial court ruled more generally that it was unreasonable for father to refuse "to accept the recommendations of the stipulated court appointed custody evaluator," that it was unreasonable for father to withdraw his concession on custody, that he took unreasonable positions regarding parenting time, and that the "major impediment to settlement in this matter was *** [f]ather's fixation on the unfounded sexual abuse allegations."

Having reviewed the record, we have difficulty agreeing with the trial court that it was unreasonable for father to challenge the custody evaluator's recommendations. Therefore, we have difficulty concluding the trial court acted within the permissible bounds of discretion

when it required father to pay all attorney fees and costs incurred by mother from the time of the custody evaluation. Nevertheless, we also well understand that trial courts are usually in a better position than appellate courts to assess the conduct of the parties. As a result, in this case, in relationship to a more fulsome discussion of the factors set forth in ORS 20.075, we think that "vacating and remanding to the trial court is *** the appropriate disposition" because the "discretionary attorney fee award is not susceptible to meaningful appellate review due to a lack of explanation or findings." *Moreau*, 295 Or App at 540-41.

Vacated and remanded.